**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4890**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

LEROY SCOTT, JR., a/k/a Roy Scott,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Mark S. Davis, District Judge.  (2:13-cr-00020-MSD-LRL-1)

———————

Submitted:  June 30, 2014          Decided:  July 8, 2014

———————

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark A. Yurachek, MARK ALLEN YURACHEK & ASSOCIATES, Falls Church, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Benjamin L. Hatch, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Scott, Jr., appeals from his convictions for conspiracy to tamper with a witness/informant in violation of 18 U.S.C. § 1512(k) (2012) (Count 1); conspiracy to retaliate against a witness/informant in violation of 18 U.S.C. § 1513(f) (2012) (Count 2); tampering with a witness/informant in violation of 18 U.S.C. § 1512(a)(1)(A), (3)(A) & 18 U.S.C. § 2 (2012) (Count 3); retaliating against a witness/informant in violation of 18 U.S.C. § 1513(a)(1)(B), (a)(2)(A) & 18 U.S.C. § 2 (2012) (Count 4); and use of a firearm resulting in death in violation of 18 U.S.C. § 924(c), (j) (2012) & 18 U.S.C. § 2 (Count 5). He was sentenced to life imprisonment for Counts 1-4 and a consecutive life sentence for Count 5. On appeal, Scott raises one issue: whether the district court erred by denying his motion to suppress statements made to investigators. For the reasons that follow, we affirm.

Scott argues that his statements to investigators were made in violation of Miranda v. Arizona, 384 U.S. 436 (1966). When considering a district court's ruling on a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013), cert. denied, 134 S. Ct. 1572 (2014). If the district court's determination "of the evidence is plausible in light of the record viewed in its

2

entirety," we will affirm those findings, even if we "would have decided the fact[s] differently." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks omitted). Where the district court denies the suppression motion, we construe the evidence in the light most favorable to the Government, United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013), and defer to the district court's credibility findings. United States v. Griffin, 589 F.3d 148, 150 n.1 (4th Cir. 2009).

We find no reversible error in the district court's denial of Scott's motion to suppress. As noted by the district court, Scott knowingly and voluntarily waived his rights under Miranda, and the record reveals that he provided no statements or evidence to the police prior to signing his Miranda waiver. Accordingly, we affirm Scott's convictions. We also deny Scott's two motions to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED